---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter ___11___

☐ Check if this an amended filing

---

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Global First Power Limited** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **98-1807980** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**Principal place of business**

**Osler, Hoskin & Harcourt LLP c/o Jacob Sadikman**
**6200-100 King St W, Toronto ON M5X1B8**
Number, Street, City, State & ZIP Code

_____
County

**Mailing address, if different from principal place of business**

**200 Euphoria Ave, Oak Ridge, TN 37830**
P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.usnc.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

---

| Debtor | **Global First Power Limited** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5417__

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | *See Schedule 1* | | | Relationship | **Affiliate** |
|---|---|---|---|---|---|---|
| | District | **Delaware** | When | **10/29/2024** | Case number, if known | |

| Debtor | **Global First Power Limited** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.

| Insurance agency | _____ |
|---|---|
| Contact name | _____ |
| Phone | _____ |

---

**Statistical and administrative information (on a consolidated basis)**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

**(On a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

**(On a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☒ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

**(On a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☒ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Global First Power Limited** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __10/29/2024__
MM / DD / YYYY

**X** _/s/ Francesco Venneri_ _____   **Francesco Venneri** _____
Signature of authorized representative of debtor       Printed name

Title   **Director** _____

---

**18. Signature of attorney**

**X** _/s/ Michael R. Nestor_ _____   Date __10/29/2024__
Signature of attorney for debtor       MM / DD / YYYY

**Michael R. Nestor** _____
Printed name

**Young Conaway Stargatt & Taylor, LLP** _____
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801** _____
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600** _____   Email address   **mnestor@ycst.com** _____

**3526 (DE)** _____
Bar number and State

---

**SCHEDULE 1**

**Pending Bankruptcy Cases Filed by Affiliated Entities**

On the date hereof, each of the related entities listed below (collectively, the "**Debtors**"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "**Court**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.  Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Ultra Safe Nuclear Corporation | 45-3119774 |
| Ultra Safe Nuclear Corporation - Technologies | 83-279815 |
| USNC-Power Ltd. | 98-1806500 |
| Global First Power Limited | 98-1807980 |

**WRITTEN CONSENT OF**
**THE SOLE DIRECTOR OF**
**GLOBAL FIRST POWER LIMITED**

October 20, 2024

The undersigned, constituting the sole member of the board of directors (the "Board") of Global First Power Limited, an Ontario, Canada corporation (the "Company"), hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent as of the date hereof:

**WHEREAS**, management of the Company is vested in the Board;

**WHEREAS**, the Board is authorized to take any action required or permitted without a meeting, if all members of the Board entitled to vote consent to the action in writing or by electronic transmission, and the written consents are filed with the minutes of proceedings of the Board;

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the assets of the Company, and current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Board has determined that it is in the best interests of the Company and the Company's stakeholders, creditors, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Board of the Company has consented to the filing of a voluntary petition under the provisions of chapter 11 of the Bankruptcy Code;

**NOW THEREFORE, BE IT:**

**COMMENCEMENT OF CHAPTER 11 CASE**

**RESOLVED**, that, in the judgment of the Board, after consultation with the management and the legal and financial advisors of the Company, it is desirable and in the best interests of the Company and the Company's respective creditors, stockholders, members, and other parties in interest that the Company commence a bankruptcy proceeding (the "Chapter 11 Case") by filing a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and hereby are, authorized, approved, and adopted in all respects and the Secretary (the "Authorized Officer") be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, (i) to execute and verify the Petition and all documents ancillary thereto, to cause such Petition to be filed in the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents and (ii) to

execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the applicable Company; and it is

## DEBTOR-IN-POSSESSION FINANCING

**FURTHER RESOLVED**, that in connection with the commencement of the Chapter 11 Case, the Board has determined that it is in the best interests of the Company to consummate the transactions under that certain Debtor-in-Possession Term Sheet substantially in the form filed with the Bankruptcy Court (the "<u>DIP Term Sheet</u>") and the documents ancillary and related thereto (each a "<u>DIP Loan Document</u>" and collectively, the "<u>DIP Loan Documents</u>"); and it is

**FURTHER RESOLVED**, that the Board hereby delegates to the Authorized Officer the authority to approve the form, terms, and provisions of the DIP Term Sheet, including the use of proceeds to provide liquidity for the Company during the pendency of the Chapter 11 Case and such other uses as described in the DIP Term Sheet and the DIP Loan Documents or that may be necessary, appropriate, advisable, or desirable in connection with the DIP Term Sheet and the transactions contemplated thereby or otherwise contemplated by the DIP Term Sheet or by any such other DIP Loan Document; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, or record, and perform the obligations arising under, the DIP Term Sheet and any other DIP Loan Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Term Sheet and any other DIP Loan Document, in accordance with the terms hereof; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Term Sheet and any other DIP Loan Document or any related documents or instruments which shall, in the Authorized Officer's sole judgment, be necessary, appropriate, advisable, or desirable; and it is

## CHAPTER 11 PROFESSIONALS

**FURTHER RESOLVED**, that, in connection with the Chapter 11 Case, the Authorized Officer, be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name of and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals which the Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with the Chapter 11 Case and the transactions contemplated thereby (such acts to be conclusive evidence that the Authorized Officer deemed the same to meet such standard); and it is

**FURTHER RESOLVED**, that the firm Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be and hereby is, authorized, directed, and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officer be, and hereby is, authorized, directed, and empowered, with power of delegation, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that the firm Intrepid Investment Bankers LLC ("Intrepid") be and hereby is, authorized, directed, and empowered to serve as investment banker to assist the Company with a restructuring or sale of the Company's assets and in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officer be, and hereby is, authorized, directed, and empowered, with power of delegation, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Intrepid; and it is

**FURTHER RESOLVED**, that the firm Stretto, Inc. ("Stretto") be and hereby is, authorized, directed, and empowered to serve as the notices, claims, solicitation, and balloting agent, and administrative advisor to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officer be, and hereby is, authorized, directed, and empowered, with power of delegation, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is

**FURTHER RESOLVED**, that the firm Ankura Consulting Group, LLC ("Ankura") be and hereby is, authorized, directed, and empowered to serve as financial advisor to assist the Company in carrying out the Company's duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officer be, and hereby is, authorized, directed, and empowered, with power of delegation, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application to retain the services of Ankura; and it is

**FURTHER RESOLVED**, that each of the aforementioned retained advisors of the Company is hereby authorized to take any and all actions necessary, appropriate, advisable, or desirable to advance the Company's rights and obligations and facilitate the commencement of the Chapter 11 Case; and it is

## STALKING HORSE APA

**FURTHER RESOLVED**, that it is in the best interest of the Company to enter into the proposed Asset Purchase Agreement (together, with all exhibits, schedules, and other attachments thereto or incorporated therein by reference, the "Stalking Horse APA"), by and between Standard Nuclear, Inc., as purchaser (the "Stalking Horse Bidder"), and the Company and certain of its affiliates as sellers, on the terms and conditions substantially similar to those set forth in the form of Stalking Horse APA; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Stalking Horse APA, and any other agreements, instruments, documents, or certificates required to effect the purposes of the Stalking Horse APA, are authorized and approved, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the Company; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company to enter into, execute, and deliver the Stalking Horse APA with the Stalking Horse Bidder, subject to the Company receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company to execute and file all schedules, lists, and other motions, papers, or documents, and any other agreements or amendments related thereto or required thereby in respect of the sales of certain or all of the assets of the Company and certain affiliates pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "Section 363 Sale"), and to take any and all action that they deem necessary, appropriate, advisable, or desirable to effect the Section 363 Sale, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval and determination thereof by the Authorized Officer and the Company; and it is

## GENERAL AUTHORIZATION AND RATIFACTION

**FURTHER RESOLVED**, that all documents, agreements, and instruments executed and delivered, and any and all acts, actions, and transactions relating to the matters contemplated by the resolutions herein done in the name of and on behalf of the Company, which acts would have been approved by the resolutions herein except that such actions were taken before these resolutions were approved and adopted, are hereby in all respects approved and ratified; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the Company; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Officer, shall be necessary, appropriate, advisable, or desirable to prosecute a successful completion of the Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure, and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, the authority thereunto to be evidenced by the taking of such actions; and it is

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Officer may determine to be necessary, appropriate, advisable, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officer shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the Company; and it is

**FURTHER RESOLVED**, that these resolutions are to be placed in the official records of the Company to document the actions set forth herein as actions taken by the undersigned, members of the Board; and it is

**FURTHER RESOLVED**, that facsimile, photostatic, or other electronic copies of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, constituting the sole member of the Board of Global First Power Limited, hereby executed and delivered this Written Consent effective as of the date first set forth above.

**GLOBAL FIRST POWER LIMITED**

By: /s/

Name:  Francesco Venneri
Title:  Director

[SIGNATURE PAGE TO WRITTEN CONSENT OF THE SOLE DIRECTOR OF GLOBAL FIRRST POWER LTD.]

**Fill in this information to identify the case:**

Debtor name  Ultra Safe Nuclear Corporation, et al.

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (If known): _____

❑ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Hatch** 2800 Speakman Drive Mississauga, Ontario L5K 2R7 Canada | Georgios Tsarouchas P: 1-431-441-5320 Georgios.Tsarouchas@Hatch.com | Trade Debt | | | | **$2,154,556.04** |
| 2 | **NRG EU** Westerduinweg 3 Petten,  1755 LE Holland | Mark Huntelaar P: +31 (0)224 56 4950 huntelaar@nrg.eu | Trade Debt | | | | **$1,982,799.97** |
| 3 | **Hyundai Engineering Co., Ltd.** 75 Yulgok-Ro, Jongno-Gu Seoul,  03058 South Korea | Hong, Hyeon Sung P: 010-3043-8962 sang@hec.co.kr | Trade Debt | | | | **$1,745,533.12** |
| 4 | **MPR Associates, Inc.** 320 King Street Suite 400 Alexandria, VA 22314-3230 | Kyle Metzroth P: 703-519-0242 kmetzroth@mpr.com | Trade Debt | | | | **$1,180,406.61** |
| 5 | **Morgan, Lewis & Bockius LLP** 1111 Pennsylvania Avenue Washington, DC 20004-2541 | Alex Polonsky P: 1-202-739-3000 alex.polonsky@morganlewis.com | Trade Debt | | | | **$1,012,864.27** |
| 6 | **University Of Illinois At Urbana-Champaign** 1901 South First Street Suite A Champaign, IL 61820-7406 | Caleb Brooks P: 217-333-2187 csbrooks@illinois.edu | Trade Debt | | | | **$807,812.11** |
| 7 | **Buchanan Ingersoll & Rooney PC** 2200 Renaissance Blvd Suite 350 King of Prussia, PA 19406 | Sunjeev Sikand P: 202-808-7374 sunjeev.sikand@bipc.com | Trade Debt | | | | **$696,987.98** |
| 8 | **Canadian Nuclear Safety Commission** 280 Slater Street P.O. Box 1046, Station B Ottawa, Ontario K1P 5S9 Canada | Olga Dolghi P: 888-229-2672 cnsc.receivables-recevables.ccsn@canada.ca | Trade Debt | | | | **$655,472.54** |

Debtor Name  Ultra Safe Nuclear Corporation, et al.          Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Avis Inc. dba AVS Inc.** 60 Fitchburg Road Ayer, MA 01432 | Dave Landry P: 978-302-0596 dlandry2@avsinc.com | Trade Debt | | | | **$620,260.19** |
| 10 | **Calian Ltd.** 770 Palladium Drive 4th Floor Ottawa, Ontario K2V 1C8 Canada | C. Robinson P: 613-599-8600 c.robinson@calian.com | Trade Debt | | | | **$517,227.57** |
| 11 | **Massachusetts Institute of Technology** 77 Massachusetts Avenue Cambridge, MA 02139 | David Carpenter P: 617-510-1333 david_c@mit.edu | Trade Debt | | | | **$499,989.00** |
| 12 | **Ansys Inc.** 2600 Ansys Drive Canonsburg, PA 15317 | Hichem Ben Cheikh P: 724-746-3304 hichem.bencheikh@ansys.com | Trade Debt | | | | **$400,622.57** |
| 13 | **Siemens Industry Software Sa Pty Ltd.** 1577 North Service Road E Oakville, Ontario L6H 0H6 Canda | Matt McCullum P: 226-791-1990 matt.mccullum@siemens.com | Trade Debt | | | | **$391,792.20** |
| 14 | **Roland Berger** 300 North LaSalle Suite 2000 Chicago, IL 60654 | Roland Berger P: 1-312 662-5500 RBNA.Accounting@rolandberger.co | Trade Debt | | | | **$376,750.00** |
| 15 | **JMP Consulting Inc.** 801 Lawrence Avenue East Unit 206 Toronto, Ontario M3C 3W2 Canada | Jay Patel P: 647-227-1785 jay.patel@jmpconsulting.ca | Trade Debt | | | | **$303,456.00** |
| 16 | **Anne Lindeblad** Address on File | Anne Lindeblad P: On File Email Address on File | Convertible Note | | | | **$300,000.00** |
| 17 | **Salmon Bay Investment Group LLC** 2001 West Garfield Street Terminal 91, Bldg. A-1, C-107 Seattle, WA 98119 | Frank Fulleton P: 206-291-3000 frank@glacierfish.com | Trade Debt | | | | **$284,168.32** |
| 18 | **Principal Technology Inc.** 901 10th Street Ste 400 Plano, TX 75074 | Matt Hodson P: 972-941-4610 mhodson@principaltechnology.com | Trade Debt | | | | **$272,092.50** |
| 19 | **Oracle America Inc.** 500 Oracle Parkway Redwood Shores, CA 94065 | Eric Shin P: 1-818-669-8104 eric.shin@oracle.com | Trade Debt | | | | **$234,076.47** |
| 20 | **Dentons Canada LLP** 77 King Street West Suite 400 Toronto, Ontario M5K0A1 Canada | Ivanka Petrisevac P: 514-673-7446 Ivanka.Petrisevac@dentons.com | Trade Debt | | | | **$229,591.99** |

Debtor Name  Ultra Safe Nuclear Corporation, et al.          Case Number _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 **Aecom** 10 Patewood Drive Greenville, SC 29615 | Kevin Taylor P: 864-234-3005 kevin.taylor@aecom.com | Trade Debt | | | | **$225,770.00** |
| 22 **Owens, Evans, And Ingols** 309 Massachusetts Avenue Washington, DC 20002 | Adam Ingols P: 202-393-7771 adam@owensdc.com | Trade Debt | | | | **$210,000.00** |
| 23 **Illinois Tool Works, Inc dba Instron** 825 University Avenue Norwood, MA 02062 | Mark Shorey P: 1-781-575-5247 mark_shorey@instron.com | Trade Debt | | | | **$194,402.00** |
| 24 **Peter Schaefer** Address on File | Peter F. Schaefer P: On File Email Address on File | Trade Debt | | | | **$140,060.70** |
| 25 **Mirion Technologies, (Canberra) Inc.** 800 Research Parkway Meriden, CT 06450 | David Gebbie P: 800-243-3955 meriden-orders@mirion.com | Trade Debt | | | | **$128,657.60** |
| 26 **Walter Morris Justice II dba Navton Consulting Service, LLC** 1800 Ninth Avenue Orange Beach, AL 36561 | Walter M. Justice II P: 423-618-8283 wmjustice@navton.net | Trade Debt | | | | **$123,000.12** |
| 27 **Texas A&M Engineering Experiment Station** 400 Harvey Mitchell Parkway South Suite 300 College Station, TX 77845-4375 | Chelsea Soechting P: 979-862-1323 csoechting@tamu.edu | Trade Debt | | | | **$120,724.16** |
| 28 **Boundary Stone Partners LLC** 1001 Pennsylvania Avenue NW Suite 740S Washington, DC 20004 | Teddy Johnston P: 812-369-8394 teddy@boundarystone.com | Trade Debt | | | | **$120,000.00** |
| 29 **Tesiac Corporation** 50 Milk Street 10th Floor Boston, MA 02110 | John Bohn P: 914-671-8475 john.bohn@tesiac.com | Trade Debt | | | | **$119,200.00** |
| 30 **EACL Consulting Services** 15 Allstate Parkway Suite 102 Markham, Ontario L3R5B4 Canada | John Chrobak P: 416-567-0526 john.chrobak@eaclconsulting.com | Trade Debt | | | | **$118,138.92** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Ultra Safe Nuclear Corporation, *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
## TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "**Debtor**") hereby state as follows:

1. Debtor Ultra Safe Nuclear Corporation ("**USNC**") is a privately-held corporation owned by the entities listed on **Exhibit A** hereto.  USNC's mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

2. Debtors Ultra Safe Nuclear Corporation – Technologies ("**USNC-Tech**") and USNC-Power Ltd. ("**USNC-P**") are each wholly-owned by Debtor USNC. USNC-Tech's mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830 and USNC-P's mailing address is 270 Albert Street No. 403, Ottawa, Ontario K1P 6E6, Canada.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation – Technologies (9815); USNC Power Ltd. (6500); and Global First Power Limited (7980).  The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

3.      Debtor Global First Power Limited ("**GFP**") is wholly-owned by Debtor USNC-P. GFP's mailing address is 270 Albert Street No. 403, Ottawa, Ontario K1P 6E6, Canada.

## EXHIBIT A

**List of Holders of Equity in Ultra Safe Nuclear Corporation[1]**

---

[1]    The below chart lists the equity holders of Ultra Safe Nuclear Corporation as of August 9, 2024.

| Ultra Safe Nuclear Corporation Capitalization Table | | | | | | |
|---|---|---|---|---|---|---|
| Name | Class | Shares | Issued Outstanding Share % | Fully Diluted Share % | Voting % | Address |
| VOTING SHARES | | | | | | |
| **Miranda Group, LLC** | Common AA | 2,495,000 | 28.528% | 18.137% | 30.152 % | 188 Piedra Loop, White Rock, NM 87547 |
| **Miranda Group, LLC** | Common AA | 200,000 | 2.287% | 1.454% | 2.417% | 188 Piedra Loop, White Rock, NM 87547 |
| **USNC Investment LLC** | Preferred A-2 | 661,486 | 7.564% | 4.809% | 7.994% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **USNC Investment LLC** | Preferred B-1 | 331,754 | 3.793% | 2.412% | 4.009% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **USNC Investment LLC** | Preferred B-1 | 113,970 | 1.303% | 0.828% | 1.377% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **USNC Investment LLC** | Preferred B-1 | 39,810 | 0.455% | 0.289% | 0.481% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **USNC Investment LLC** | Preferred B-1 | 39,810 | 0.455% | 0.289% | 0.481% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **USNC Investment LLC** | Preferred B-1 | 13,270 | 0.152% | 0.096% | 0.160% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **USNC Investment LLC** | Preferred B-1 | 53,080 | 0.607% | 0.386% | 0.641% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **USNC Investment LLC** | Preferred B-1 | 66,350 | 0.759% | 0.482% | 0.802% | 8549 NW 130th Street, Reddick, FL 32686 USA |
| **Alexander Helms** | Preferred A | 665,086 | 7.605% | 4.835% | 8.038% | [ADDRESS ON FILE] |

| Name | Class | Shares | Issued Outstanding Share % | Fully Diluted Share % | Voting % | Address |
|---|---|---|---|---|---|---|
| **Alexander Helms** | Preferred A-1 | 439,214 | 5.022% | 3.193% | 5.308% | [ADDRESS ON FILE] |
| **Alexander Helms** | Preferred A-2 | 291,264 | 3.330% | 2.117% | 3.520% | [ADDRESS ON FILE] |
| **Lindsay Helms** | Preferred A | 665,086 | 7.605% | 4.835% | 8.038% | [ADDRESS ON FILE] |
| **Lindsay Helms** | Preferred A-1 | 439,214 | 5.022% | 3.193% | 5.308% | [ADDRESS ON FILE] |
| **Lindsay Helms** | Preferred A-2 | 291,264 | 3.330% | 2.117% | 3.520% | [ADDRESS ON FILE] |
| **Lance Snead** | Common AA | 250,000 | 2.859% | 1.817% | 3.021% | [ADDRESS ON FILE] |
| **Vendel Alliance, LLC** | Common AA | 120,000 | 1.372% | 0.872% | 1.450% | 188 Piedra Loop, White Rock, NM 87547 |
| **TDM LLC Chris Hamilton** | Common AA | 117,500 | 1.344% | 0.854% | 1.420% | 323 N. Highway 101, Solana Beach, CA 92075 USA |
| **Yutai Katoh** | Common AA | 80,000 | 0.915% | 0.582% | 0.967% | [ADDRESS ON FILE] |

*(Table title: Ultra Safe Nuclear Corporation Capitalization Table)*

| Ultra Safe Nuclear Corporation Capitalization Table | | | | | | |
|---|---|---|---|---|---|---|
| Name | Class | Shares | Issued Outstanding Share % | Fully Diluted Share % | Voting % | Address |
| UT-Battelle | Common AA | 75,000 | 0.858% | 0.545% | 0.906% | UT-Battelle, LLC  One Bethel Valley Road, Oak Ridge, TN 37831-6196 USA |
| LOGOS | Common AA | 130,000 | 1.486% | 0.945% | 1.571% | 2701 Prosperity Avenue, Suite 40, Fairfax, VA, 22031 USA |
| Matthew Richards | Common AA | 42,000 | 0.480% | 0.305% | 0.508% | [ADDRESS ON FILE] |
| Kurt Terrani | Common AA | 90,000 | 1.029% | 0.654% | 1.088% | [ADDRESS ON FILE] |
| Larry Grossman | Common AA | 40,000 | 0.457% | 0.291% | 0.483% | [ADDRESS ON FILE] |
| Joe Howieson | Common AA | 8,000 | 0.091% | 0.058% | 0.097% | [ADDRESS ON FILE] |
| WD Cattle, LP (Wayne Deason) | Common AA | 40,000 | 0.457% | 0.291% | 0.483% | P.O. Box 121, Floresville, TX 78114 |
| Wayne Deason | Common AA | 20,000 | 0.229% | 0.145% | 0.242% | [ADDRESS ON FILE] |
| Chris Carson | Common AA | 18,518 | 0.212% | 0.135% | 0.224% | [ADDRESS ON FILE] |
| Paolo Venneri | Common AA | 9,259 | 0.106% | 0.067% | 0.112% | [ADDRESS ON FILE] |
| Dan Stout | Common AA | 5,000 | 0.057% | 0.036% | 0.060% | [ADDRESS ON FILE] |
| James Voss | Common AA | 4,629 | 0.053% | 0.034% | 0.056% | [ADDRESS ON FILE] |
| Alexander Superfin | Common AA | 3,703 | 0.042% | 0.027% | 0.045% | [ADDRESS ON FILE] |
| Anne Marie Coleman | Common AA | 500 | 0.006% | 0.004% | 0.006% | [ADDRESS ON FILE] |
| Cristian Rabiti | Common AA | 2,000 | 0.023% | 0.015% | 0.024% | [ADDRESS ON FILE] |

| Ultra Safe Nuclear Corporation Capitalization Table | | | | | | |
|---|---|---|---|---|---|---|
| Name | Class | Shares | Issued Outstanding Share % | Fully Diluted Share % | Voting % | Address |
| Jennifer Gaebel | Common AA | 2 | 0.000% | 0.000% | 0.000% | [ADDRESS ON FILE] |
| Claudio De Lorenzi | Common AA | 1,598 | 0.018% | 0.012% | 0.019% | [ADDRESS ON FILE] |
| MacLondon Energy, LP | Common AA | 100,000 | 1.143% | 0.727% | 1.209% | Po Box 14230, Odessa, TX 79768 |
| WD Cattle, LP (Wayne Deason) | Preferred B-1 | 20,000 | 0.229% | 0.145% | 0.242% | P.O. Box 121, Floresville, TX 78114 |
| Anne S Lindblad Irrev. Trust | Preferred B-1 | 13,270 | 0.152% | 0.096% | 0.160% | [ADDRESS ON FILE] |
| Anne S Lindblad Irrev. Trust | Preferred B-1 | 26,540 | 0.303% | 0.193% | 0.321% | [ADDRESS ON FILE] |
| Maddalena & Riccardo DeSalvo | Preferred B-1 | 1,500 | 0.017% | 0.011% | 0.018% | [ADDRESS ON FILE] |
| Charles Anderson Roth IRA | Preferred B-1 | 265 | 0.003% | 0.002% | 0.003% | 100 Fountain Parkway St., Petersburg, FL 33716 |
| Raydant International Co., Ltd. | Preferred B-1 | 1,327 | 0.015% | 0.010% | 0.016% | 99/178-182 Thetsaban Songkhro Road, Chatuchak, Bangkok 10900 |
| Nucleation Capital, LP - A4 | Preferred B-1 | 6,635 | 0.076% | 0.048% | 0.080% | PO Box 3217, Seattle, WA 98114 |
| International Brotherhood of Boilermakers | Preferred B-1 | 241,715 | 2.764% | 1.757% | 2.921% | 45 McIntosh Drive, Markham, Ontario, L3R 8C7, Canada |
| TOTAL | Any | 8,274,619 | 94.613% | 60.152% | 100.000 % | |
| NON-VOTING SHARES | | | | | | |
| PCL Construction Holdings, Ltd | Preferred B-2 | 26,540 | 0.303% | 0.193% | - | 9915 56th Avenue NW, Edmonton, Alberta, T6E 5L7, Canada |
| Hatch Engineering, Ltd | Preferred B-2 | 46,445 | 0.531% | 0.338% | - | 2800 Speakman Drive, Mississauga, Ontario, L5K 2R7, Canada |

| Ultra Safe Nuclear Corporation Capitalization Table | | | | | | |
|---|---|---|---|---|---|---|
| Name | Class | Shares | Issued Outstanding Share % | Fully Diluted Share % | Voting % | Address |
| Hyundai Engineering Co Ltd | Preferred B-2 | 398,104 | 4.552% | 2.894% | - | 75 Yulgok-ro, Jongno-gu, Seoul, South Korea |
| TOTAL | Any | 471,089 | 5.387% | 3.425% | 0.000% | |

**Fill in this information to identify the case:**

Debtor name    **Global First Power Limited**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration    **Combined Corporate Ownership Statement and Equity Holders List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/29/2024**        X */s/ Francesco Venneri*
                                    Signature of individual signing on behalf of debtor

                                    **Francesco Venneri**
                                    Printed name

                                    **Director**
                                    Position or relationship to debtor